IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| RED RIVER ENERGY, INC., | § | CASE NO. 08-36021-H4-7 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| CRESTVIEW CAPITAL MASTER, LLC | § | |
| and RUBICON MASTER FUND, | § | |
| | § | |
| Appellants, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2239 |
| | § | |
| BEN B. FLOYD, TRUSTEE, | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Appellants Crestview Capital Master, LLC (Crestview), and Rubicon Master Fund Ltd. (Rubicon), seek leave to appeal the Bankruptcy Court's Order granting in part and denying in part the Trustee's motion to designate Rubicon and Crestview as the entities responsible to discharge duties of the debtor under Federal Rule of Bankruptcy Procedure 9001(5).[1]   Pending before the court is

---

[1]See Order Granting in Part and Denying in Part Trustee's Motion to Designate Crestview Capital Master, LLC and Rubicon Master Fund as the Entities Responsible to Discharge Duties of the Directors Under Federal Rule of Bankruptcy Procedure 9001(5) (Designation Order), Docket Entry No. 73 in Cause No. 08-36021-H4-7.  See also Exhibit B attached to Crestview Capital Master, LLC's and Rubicon Master Fund's Motion for Leave to Appeal Order Granting in Part and Denying in Part Trustee's Motion to Designate Crestview Capital Master, LLC and Rubicon Master Fund as the
(continued...)

Crestview Capital Master, LLC's and Rubicon Master Fund's Motion for Leave to Appeal Order Granting in Part and Denying in Part Trustee's Motion to Designate Crestview Capital Master, LLC and Rubicon Master Fund as the Entities Responsible to Discharge Duties of the Debtor Under Federal Rule of Bankruptcy Procedure 9001(5) (Docket Entry No. 2), to which the Trustee has responded (Docket Entry No. 9). For the reasons explained below the Motion for Leave to Appeal will be denied.

## I.   Procedural Background

On September 12, 2008, creditors of the Debtor initiated the above-styled bankruptcy action by filing an involuntary petition against the Debtor and seeking relief under Chapter 7 of the United States Bankruptcy Code.[2] On January 14, 2009, Ben B. Floyd was appointed as the chapter 7 Trustee of the Debtor's Estate.[3]

On March 9, 2009, the Trustee filed a Motion to Designate Crestview Capital Master, LLC and Rubicon Master Fund as the Entities Responsible to Discharge Duties of the Debtor Under Federal Rule of Bankruptcy Procedure 9001(5) (Designation Motion).[4] The Designation Motion sought an order designating Crestview and

---

[1](...continued)
Entities Responsible to Discharge Duties of the Debtor Under Federal Rule of Bankruptcy Procedure 9001(5) (Motion for Leave to Appeal), Docket Entry No. 2.

[2]See Docket Entry No. 1 in Cause No. 08-36021-H4-7.

[3]See Unnumbered Docket Entry in Cause No. 08-36021-H4-7.

[4]See Docket Entry No. 33 in Cause No. 08-36021-H4-7.

Because the basic policy of appellate jurisdiction strongly disfavors piecemeal appeals, Rubicon as the entities responsible for discharging all of the debtor's duties under Federal Bankruptcy Rule 9001(5).  Rule 9001(5) states:

> When any act is required by these rules to be performed by a debtor or when it is necessary to compel attendance of a debtor for examination and the debtor is not a natural person:  Because the basic policy of appellate jurisdiction strongly disfavors piecemeal appeals,(a) if the debtor is a corporation, "debtor" includes, if designated by the court, any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control.

Fed. R. Bank. P. 9001(5).  On March 10, 2009, the Bankruptcy Court conducted a preliminary hearing on the Designation Motion.[5]  On March 17, 2009, appellants objected to the Trustee's Motion to Designate.[6]  On March 18 and May 27-28, 2009, the Bankruptcy Court conducted an evidentiary hearing on the Designation Motion,[7] and on June 26, 2009, issued a Memorandum Opinion on Trustee's Motion to Designate Crestview Capital Master, LLC and Rubicon Master Fund as the Entities Responsible to Discharge Duties of the Debtor Under Federal Rule of Bankruptcy Procedure 9001(5) (Memorandum Opinion),and the Designation Order from which appellants seek leave to appeal.[8]

---

[5]See Transcript of Preliminary Hearing Held on March 10, 2009, Item No. 2 included in Appellee's Designation of Additional Items to Be Included in the Record on Appeal, Docket Entry No. 8.

[6]See Docket Entry No. 47 in Cause No. 08-36021-H4-7.

[7]See Transcript of Preliminary Hearing Held on March 10, 2009, Item Nos. 3-5 included in Appellee's Designation of Additional Items to Be Included in the Record on Appeal, Docket Entry No. 8.

[8]See Docket Entry Nos. 72 and 73 in Cause No. 08-36021-H4-7. See also Exhibits A and B attached to (Motion for Leave to Appeal),

In the Memorandum Opinion the Bankruptcy Court explained that as of the petition date, "the Debtor had no officers, board members, trustees, controlling bodies or 'other person in control,'"[9] that "[t]he only existing 'persons' within the universe of Bankruptcy Rule 9001(5)'s laundry list of potential designees were the Debtor's controlling shareholders—Rubicon and Crestview and therefore one of these entities must be designated to perform the Debtor's duties in this case."[10]   The Bankruptcy Court also explained that

> [t]he former Chief Restructuring Officer—Burns—may not be designated by the Court to handle the Debtor's duties [because a]s of the filing of the Debtor's involuntary petition, Burns held no position whatsoever with the Debtor that falls within Bankruptcy Rule 9001(5)'s laundry list of "persons" who may serve as the Debtor's representative.[11]

In the Designation Order the Bankruptcy Court named Rubicon as the primary designee and H. Joseph Leitch, a Rubicon principal, as the individual responsible for signing the Schedules and Statements of Financial Affairs, and appearing at the creditors' meeting to submit to examination under oath.   The Bankruptcy Court ordered that by no later than July 10, 2009, Rubicon's counsel shall file a certificate with the clerk's office setting forth either that

---

Docket Entry No. 2.

[9]Memorandum Opinion, Docket Entry No. 72 in Cause No. 08-36021-H4-7 and Exhibit A attached to Motion for Leave to Appeal, Docket Entry No. 2, pp. 20-21.

[10]Id.

[11]Id.

(a) Leitch is still a principal at Rubicon, or (b) Leitch is no longer a principal at Rubicon.  The Bankruptcy Court ordered that if Leitch is no longer a principal at Rubicon, the Debtor's Representative shall be Crestview, and that Stewart Flink, a Crestview principal, shall serve as the individual responsible for signing the Schedules and Statements of Financial Affairs and appearing at the initial creditors' meeting to submit to examination under oath.[12]

On July 6, 2009, appellants filed the pending motion for leave to appeal the Bankruptcy Court's Designation Order.

## II.  **Standard of Review**

The Designation Order is an interlocutory order that disposed of the Trustee's motion for the designation of responsible party for purposes of Bankruptcy Rule 9001(5) but did not finally resolve a discrete issue in the pending litigation as is required for an order to be considered final.  Consequently, the Designation Order is an interlocutory order from which the parties have no right to appeal.  See 28 U.S.C. § 158(a)(1).  Nevertheless, the parties may seek leave to appeal, and this court may, in its discretion, grant leave to appeal the Bankruptcy Court's Designation Order.  See 28 U.S.C. § 158(a)(3).  See Stumpf v. McGee (In re O'Connor), 258 F.3d

---

[12]Designation Order, Docket Entry No. 73 in Cause No. 08-36021-H4-7 and Exhibit B attached to Motion for Leave to Appeal, Docket Entry No. 2.

392, 399-400 (5th Cir. 2001) ("the decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion").

The Fifth Circuit has not expressly adopted criteria for district courts to use when determining whether to grant leave to appeal an interlocutory order of a bankruptcy court under 28 U.S.C. § 158(a)(3), but has recognized that district courts commonly use the standard applied under 28 U.S.C. § 1292(b) for interlocutory appeals to the courts of appeals. See Ichinose v. Homer National Bank, 946 F.2d 1169, 1177 (5th Cir. 1991). Section 1292(b) provides for interlocutory appeal in exceptional circumstances, when an order not otherwise appealable satisfies three distinct criteria: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion as to that question; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. Id. Because the basic policy of appellate jurisdiction strongly disfavors piecemeal appeals, all three of these criteria must be met before an order is properly certified for interlocutory appeal. See Clark-Dietz & Associates-Engineers, Inc. v. Basic Construction Co., 702 F.2d 67, 69 (5th Cir. 1983). See also Coopers & Lybrand v. Livesay, 98 S.Ct. 2454, 2461 (1978) (explaining that appellants bear "the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy

-6-

of postponing appellate review until after the entry of a final judgment").

### III.  <u>Analysis</u>

Asserting that the Bankruptcy Court's Designation Order "reflects a departure from Rule 9001(5)'s requirement that only an individual, properly within the Bankruptcy Court's jurisdiction, and not a corporate entity, is subject to designation to discharge a debtor's duties,"[13] appellants argue that their motion for leave to appeal raises two controlling questions of law, and that the immediate resolution of these questions "will materially advance the ultimate resolution of the litigation to the extent that there will be certainty going forward that a proper designee is discharging the Debtor's duties."[14] The Trustee responds that the motion for leave to appeal should be denied because the appellants have failed "to demonstrate that a substantial difference of opinion exists among various courts regarding [the] alleged controlling issues of law, and that an immediate appeal from the order will substantially advance the ultimate disposition of the litigation."[15]

---

[13]Motion for Leave to Appeal, Docket Entry No. 2, p. 3.

[14]<u>Id.</u>

[15]Trustee's Response in Opposition to Crestview Master, LLC's and Rubicon Master Fund's Motion for Leave to Appeal Order Granting in Part and Denying in Part Trustee's Motion to Designate Crestview Capital Master, LLC and Rubicon Master Fund as Entities Responsible to Discharge Duties of the Debtor Under Federal Rule of Bankruptcy Procedure 9001(5) (Trustee's Response), Docket Entry No. 9, p. 2.

**A.   Controlling Issue of Law**

Appellants argue that their appeal raises two controlling questions of law: "(1) whether a corporate entity is a proper designee under Rule 9001(5) to discharge a debtor's duties; and (2) whether a foreign resident in his personal capacity, without notice or an opportunity to be heard, is a proper designee under Rule 9001(5) to discharge a debtor's duties."[16]   The Trustee does not dispute that the two questions identified present controlling questions of law, but does dispute that there is substantial ground for difference of opinion and that an immediate appeal would advance the ultimate termination of the litigation.

**B.   Substantial Ground for Difference of Opinion**

Asserting that "no other court has ever interpreted Rule 9001(5) the way the Bankruptcy Court has interpreted it,"[17] appellants argue that the "Bankruptcy Court's Order is squarely at odds with the language and purpose of Rule 9001(5) and applicable decisional authority."[18]   In support of this argument appellants have attached to their motion as Exhibit F a chart summarizing all of the reported cases applying Rule 9001(5).   Asserting that "[t]here are no cases in which a court has designated an entity,"[19]

---

[16]<u>Id.</u> at 3 and 8-10.

[17]Motion for Leave to Appeal, Docket Entry No. 2, p. 11.

[18]<u>Id.</u>

[19]<u>Id.</u> at 12.

appellants argue that "[t]he Bankruptcy Court's designation of an entity instead of a natural person is contrary to all prior case law. Surely, this constitutes substantial grounds for a difference of opinion."[20]

The court is not persuaded that the cases listed in appellants' Exhibit F demonstrate the existence of grounds for a substantial difference of opinion because none of those cases involved facts like those at issue in the instant case where as of the petition date, "the Debtor had no officers, board members, trustees, controlling bodies or 'other person in control,'"[21] and the Debtor's only controlling stockholders were corporate entities. Because as appellants recognize, "[t]o satisfy this element of the analysis, a movant must normally demonstrate that at least two courts interpret the relevant legal principle differently,"[22] and because appellants have failed to demonstrate that any court has interpreted the relevant legal principle differently under substantially similar circumstances, the court is not persuaded that appellants have carried their burden of showing that there exist substantial grounds for a difference of opinion on either of

---

[20]*Id.*

[21]Memorandum Opinion, Docket Entry No. 72 in Cause No. 08-36021-H4-7 and Exhibit A attached to Motion for Leave to Appeal, Docket Entry No. 2, pp. 20-21.

[22]Motion for Leave to Appeal, Docket Entry No. 2, p. 11 (citing Pacific Forest Products Corp. v. Freeman (In re Pacific Forest Products Corp.), 335 B.R. 910, 922 (S.D. Fla. 2005).

the questions of controlling law on which they base their motion for leave to appeal. See In re Pacific Forest Products Corp., 335 B.R. at 922 ("It is simply not enough for interlocutory review that the order for which appeal is sought presents a difficult ruling; nor is it sufficient that the movant can demonstrate a lack of authority on the issue.").

## C.   Materially Advance the Ultimate Termination of the Litigation

Granting leave to appeal is appropriate where an immediate appeal of the interlocutory order would materially advance the ultimate termination of the litigation. Ichinose, 946 F.2d at 1177. As appellants recognize, this analysis requires the court to "evaluate the stage of litigation and weigh the disruptive effect of an immediate appeal on the Bankruptcy Court proceedings against the probability that resources will be wasted in allowing those proceedings to go forward."[23]

Appellants do not argue that the interlocutory appeal that they seek will materially advance the ultimate termination of this litigation but, instead, that "Rubicon will have to conduct an investigation that will substantially delay progress in this case and because Rubicon has no personal knowledge of the day-to-day operations of the Debtor, it will be an impossible task."[24] Appellants also argue that

---

[23]Id. at 13.

[24]Id. at 14.

-10-

there is a qualifying and willing natural person — Burns — who is much better equipped to perform the Debtor's duties.  In fact, Burns was intimately involved in the day-to-day operations of the Debtor.  He is an individual who may be properly named under the Rule.  Allowing Burns to serve as the Debtor's representative would facilitate the expeditious and thorough fulfillment of the Debtor's obligations.[25]

Almost a year has passed since the bankruptcy action was initiated, and more than two months have passed since the entry of the Designation Order from which the appellants seek leave to appeal.  On July 30, 2009, this court issued an Order denying the appellants' motion to stay the Designation Order pending appeal. Prior to that date no schedules of assets or liabilities and no statement of financial affairs were filed, no meeting of creditors was scheduled, and no bar date for the filing of proofs of claim was established.  The Bankruptcy Court, which has the duty to designate a representative for the Debtor, has conducted an evidentiary hearing that has extended over three separate days, and has made extensive findings of fact regarding the degree of control exhibited by the appellants throughout the Debtor's existence.  The Bankruptcy Court has also made extensive findings of fact as to why Burns, the individual the appellants seek to have designated as the Debtor's representative, is not qualified to serve in this capacity under Rule 9001(5).  Although appellants have conclusorily asserted that Burns "may be properly named under the Rule,"[26] they have not

_____

[25]Id.

[26]Id.

-11-

offered any legal argument to counter the Bankruptcy Court's conclusion that Burns is not qualified to serve under Rule 9001(5). Additional litigation about who to designate as the Debtor's representative will only further delay the administration of the Debtor's estate and the termination of the underlying litigation.

### IV. <u>Conclusions and Order</u>

For the reasons stated above, the court concludes that there is no basis on which to allow an interlocutory appeal from the Bankruptcy Court's Designation Order. The appellants have failed to demonstrate that the Designation Order involves a controlling issue of law upon which there is substantial ground for difference of opinion or that an immediate appeal of that interlocutory order will materially advance the ultimate termination of the bankruptcy litigation. Accordingly, Crestview Capital Master, LLC's and Rubicon Master Fund's Motion for Leave to Appeal Order Granting in Part and Denying in Part Trustee's Motion to Designate Crestview Capital Master, LLC and Rubicon Master Fund as the Entities Responsible to Discharge Duties of the Debtor Under Federal Rule of Bankruptcy Procedure 9001(5) (Docket Entry No. 2) is **DENIED**.

**SIGNED** at Houston, Texas, on this 31st day of August, 2009.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-12-